No. 25397

**The People of the State of Colorado v.
Frank Alan Goldsberry**
(509 P.2d 801)

Decided May 14, 1973.

408

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Paul A. Dupler, Don P. Stimmel, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

By jury verdict, the defendant was convicted of receiving stolen goods. On appeal, one of the grounds for reversal is that the trial court erroneously denied the defendant's motion for a mistrial. We agree with this contention and therefore reverse the trial court's judgment and remand this case for a new trial. The defendant's other allegations of error have no merit and require no discussion.

A prosecution witness, who admittedly was one of the individuals who stole the items involved, was asked by the district attorney what the defendant had said during the exchange of the stolen goods for money. The witness answered:

"He told us that he had the money because he was planning on leaving in a day or two to go to Texas to make an investment in some drugs."

The defense attorney's objection to this response was sustained and the trial court instructed the jury to disregard this testimony. It was also ordered to be stricken. In the

context of this case, the inference is unmistakable that this response concerned the intended purchase of illicit drugs by the defendant. Thereafter, defendant's counsel moved for a mistrial. During the consideration of this motion, the district attorney stated that he "was aware of what the response of the witness would be." The trial court denied the motion for a mistrial.

It is elementary that in a criminal trial to a jury, evidence of a defendant's criminal activity, which is unrelated to the offense charged, is inadmissible. When reference is made in the presence of the jury to such criminal activity, a mistrial is normally required. *See Edmisten v. People,* 176 Colo. 262, 490 P.2d 58 (1971). The exceptions to this rule are limited to well defined and special situations where proof of other similar offenses will show the defendant's intent, motive, plan, scheme, or design with respect to the crime charged. In such situations, the trial court is required to give cautionary instructions limiting the purpose of such evidence. *Godfrey v. People,* 168 Colo. 299, 451 P.2d 291 (1969), and *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). *See also Oaks v. People,* 150 Colo. 64, 371 P.2d 443 (1962). Likewise, when a defendant's prior felony convictions are elicited during his testimony, a limiting instruction is required. *Taylor v. People,* 176 Colo. 316, 490 P.2d 292 (1971).

In this case, the reference to criminal activity on the part of the defendant did not involve a similar offense. Also, it obviously was not elicited from the defendant and did not concern a prior felony conviction. Therefore, none of the exceptions referred to in the foregoing paragraph are applicable.

In reaching the result we do here, we point out that, after a detailed review of all the evidence in this case, it appears that the proof of the defendant's guilt was rather thin. An integrant of the crime of receiving stolen property is knowledge that it has been stolen. *Stull v. People, supra.* Here, it should also be pointed out that the theory of defense was a lack of such knowledge, and the only proof of

knowledge is circumstantial. The weight which the jury obviously gave to this circumstantial evidence may have quite reasonably been influenced by the inadmissible reference to the defendant's intended trip to Texas to purchase drugs.

■ Even though the trial judge in this case made an effort to erase the effect of this inadmissible evidence from the minds of the jury by his cautionary instruction to disregard it, it is our view that a mistrial was, nevertheless, required in this case. Frequently, an error in exposing to the jury certain inadmissible evidence may be cured by instructing the jury to disregard it. However, when such evidence is so highly prejudicial, as here, it is conceivable that but for its exposure, the jury may not have found the defendant guilty. In a case like this where the evidence of guilt is not overwhelming and the proof of at least one of the essential elements of the crime charged is entirely circumstantial, the trial court's cautionary instruction to disregard it will not suffice. *Edmisten v. People, supra.* The following statement in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) is a good expression of our analysis in this case: "It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information. Nevertheless, . . . there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."

■ In *Maes v. District Court,* 180 Colo. 169, 503 P.2d 621 (1972), we reaffirmed the standards to be applied by trial judges when deciding when a motion for a mistrial should be granted. A trial court's determination in this regard will not be disturbed on review unless it is apparent that the trial court abused its discretion. *Barriner v. District Court,* 174 Colo. 447, 484 P.2d 774 (1971); *Falgout v. People,* 170 Colo. 32, 459 P.2d 572 (1969); and *Maisel v. People,* 166 Colo. 161, 442 P.2d 399 (1968). For the reasons we have set forth herein, it is our view that the trial court abused its discretion in this case in not granting the motion for mistrial.

██ It appears from the record of this case that the district attorney was fully cognizant that the prosecution witness would respond in the manner he did and thus, expose to the jury inadmissible and highly prejudicial evidence. His conduct in this regard is not to be condoned. This court has repeatedly held that the duty of a prosecutor is not merely to convict, but also to see that justice is done by seeking the truth by the presentation of proper evidence. Where the prosecutor's zeal to win a case involves a clear lack of adherence to the elementary principles of fairness and legality, it can only be condemned.

The judgment is reversed and this cause is remanded for a new trial.

MR. JUSTICE DAY does not participate.