## No. 25506

## The People of the State of Colorado v. Roy C. O'Donnell

(518 P.2d 945)

Decided February 4, 1974.          Rehearing denied February 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Lewis, Jones and Ellwood, William H. Lewis, Henry Ellwood, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant O'Donnell was found guilty. by a jury of two counts of rape. (Statutory rape and forcible rape). Both counts involved the same victim and incident. The trial court imposed two consecutive sentences of 90 years to life. On appeal, the defendant urges reversal on the basis of seven alleged errors. We affirm the convictions but remand to the trial court for imposition of concurrent sentences.

I.

■■ The defendant argues that the evidence is insufficient to support the jury's guilty verdict of forcible rape. On appeal, we will not disturb the verdict of a jury when there is substantial evidence to support it. *People v. Woll,* 178 Colo. 443, 498 P.2d 935 (1972).

■ C.R.S. 1963, 40-2-25(1)(e) requires for conviction of forcible rape "threats of immediate and great bodily harm, accompanied by apparent power of execution . . . ." The victim testified that the defendant and his friend convinced the victim to enter their house on the pretext that the victim would be allowed to call her mother for a ride home. Once inside the house, the defendant refused to allow the victim to leave and threatened to strike her with a wine bottle. She was then told to undress or have her clothes ripped off. We hold that this is sufficient evidence from which the jury could find that these threats of violence were such that physicial resistance by the victim would be useless.

II.

■ The defendant contends that the evidence is also insufficient to support the jury's verdict of guilty of statutory rape of a person under 18 years of age by one over the age of 18. The victim testified that she was 17 at the time of the crime. We have previously held that testimony by the victim as to her age is sufficient to establish a prima facie case. *Maddox v. People,* 178 Colo. 366, 497 P.2d 1263 (1972). This and other testimony concerning the age of the defendant amply supports the jury's verdict of guilty of statutory rape.

III.

Instruction No. 6 to the jury on forcible rape was erroneous according to the defendant. The court instructed: ". . . by the male person of whatever age where the female person, whatever her age, resists, but her resistance is overcome by force and violence, this is rape in the first degree." Defendant argues that the prosecuting witness testified that she submitted because of *threats* of force and violence and that there was no evidence of actual force.

■ The defendant must make all objections which he

has to the instructions prior to their submission to the jury. Crim. P. 30 provides that "only the grounds so specified shall be considered on a motion for new trial or on review." Here, the defendant only made a general objection to the instructions. Since the defendant failed to make a timely specific objection, we will not consider the argument absent plain error. *People v. Bercillio,* 179 Colo. 383, 500 P.2d 975 (1972).

We hold that the deficiency, if any, in this instruction, does not constitute plain error under Crim. P. 52(b). Defendant's theory of the case was that he had never seen the victim prior to or at the time of the alleged crimes. He was not arguing that the victim had consented and that there had been no force because of the consent. Furthermore, there was evidence of actual force. Substantial rights of the defendant were not violated by the giving of this instruction.

IV.

The defendant claims that the trial court improperly allowed inadmissible hearsay to be introduced. A month after the crime, the victim again saw the defendant at a coffee house. She called the police; but before they arrived, the defendant had already left. While she was talking with the police officer on the sidewalk, the defendant drove by. The officer testified that she stated to him that she had been raped, and when the defendant drove by, she stated "that's him." The People argue that this testimony was admissible under the excited utterance exception to the hearsay rule.

The testimony by the police officer was cumulative. The prosecuting witness had already testified that she was raped by the defendant and that she saw the defendant a month later at the coffee house and in the automobile as it drove by while she was talking to the police officer on the sidewalk in front of the coffee house. Thus, even if the evidence does not fall within the hearsay exception, its effect on the jury could be no more than minimal. There is no reversible error here.

V.

The defendant next argues that certain testimony of the prosecutrix was irrelevant. She testified that after the

defendant raped her, the other man raped her and then the defendant again raped her. The defendant contends that the testimony concerning the alleged rape by the other man was irrelevant, and that the court's failure to sustain an objection to it amounts to reversible error. This testimony was relevant to show the entire criminal transaction. *See Fitzpatrick v. People,* 159 Colo. 485, 412 P.2d 893 (1966).

## VI.

■■■ The defendant states that he was denied a speedy trial in violation of Crim. P. 48(b). Defendant raises this argument for the first time on appeal. We have previously held that the defendant can waive his constitutional and statutory right to a speedy trial by his failure to make a timely objection. *Valdez v. People,* 174 Colo. 268, 483 P.2d 1333 (1971). Thus, we do not reach the question of whether the delay here exceeded constitutional or statutory standards.

## VII.

■■■ The defendant maintains that the two consecutive sentences of 90 years to life constitute cruel and unusual punishment. We have previously held that where the sentence imposed does not exceed the statutory limits and does not shock the conscience of the court, it does not constitute cruel and unusual punishment. *Austin v. Denver,* 170 Colo. 448, 462 P.2d 600 (1969). The sentence here as to each count was a valid and legal sentence; however, since the acts as alleged in both counts of the information — under the evidence as adduced — were a part of a single transaction, concurrent sentencing is therefore required. *Maynes v. People,* 169 Colo. 186, 454 P.2d 797 (1969). We note that the attorney general in his brief takes a like position.

The judgment of conviction is affirmed. The consecutive sentences are ordered vacated. The case is remanded solely for the purpose of resentencing consonant with the views expressed herein.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.