## No. 25641

**The People of the State of Colorado v. Robert Tilley**
(520 P.2d 1046)

Decided April 8, 1974.                    Rehearing denied April 29, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was convicted of causing a death while driving

an automobile under the influence of alcohol, which is a felony. C.R.S. 1963, 40-2-10. In this appeal, defendant's only contention is that the trial court erred in giving instruction No. 6 to the jury. We agree that the instruction was improper; however, the defendant did not object to the giving of this instruction. Under the evidence of this case, plain error is not involved. Crim. P. 52(b). We therefore affirm.

Two hours after the accident, a blood test showed that the defendant's blood contained .205 per cent of alcohol by weight. Based on 1969 Perm. Supp., C.R.S. 1963, 13-5-30 (2)(d), the jury was instructed (Instruction No. 6) that if it finds that the defendant's blood contained "0.10 percent or more by weight of alcohol . . . , it shall be presumed that the defendant was under the influence of alcohol."

Having established at trial that the defendant's blood alcohol content was .205 per cent, an expert testified that *anyone* would be intoxicated with this amount of alcohol in his blood. Furthermore, the record contains testimony concerning the quantity of intoxicants consumed by the defendant, and several witnesses testified that defendant had the odor of intoxicants on his person; that he appeared to be intoxicated; and that just prior to the accident, the automobile he was driving was "weaving back and forth." Also, there was testimony that after the accident, the defendant staggered and almost fell into a barrow pit when he attempted to walk to an officer's car.

Although the defendant failed to raise any specific objection prior to submission of instruction No. 6 to the jury, he now argues that the statutory presumption described in this instruction may be utilized only in the prosecution of misdemeanors specified in 1969 Perm. Supp., C.R.S. 1963, 13-5-30(1)(a) and (b). These misdemeanors are (a) driving any vehicle while under the influence of intoxicating liquor, and (b) driving while ability is impaired by the consumption of alcohol. It is also pointed out that there is no specific statutory presumption provided in prosecuting the felony charge involved here. The defendant concludes therefore that

because of the improper instruction, his conviction must be reversed.

▆▆▆ We agree that there is no statutory presumption for use in the trial of this felony charge and that the giving of instruction No. 6 was not proper. Such an instruction may be given only in the prosecution of the misdemeanors specified in 1969 Perm. Supp., C.R.S. 1963, 13-5-30(1). However, we hold that in view of overwhelming evidence of intoxication, the giving of instruction No. 6 is not plain error. Crim. P. 52(b) provides that only plain errors or defects affecting substantial rights may be noticed on appeal, although they were never brought to the attention of the trial court. Having the purpose of this rule in mind, we hold that the giving of instruction No. 6 would have been a basis for reversible error only if the instruction had been given over the specific objections of the defendant.

▆▆▆ A defendant must make all objections he has to instructions prior to their submission to the jury. Crim. P. 30 states that "only the grounds so specified shall be considered on motion for new trial or on review." Here, the defendant failed to make any such objection prior to submission of the instructions. Therefore, absent plain error, this court will not consider the defendant's arguments on review. This proposition is discussed and approved in numerous Colorado cases, the most recent of which are *People v. O'Donnell,* 184 Colo. 104, 518 P.2d 945 (1974); *People v. Buckner,* 180 Colo. 65, 504 P.2d 669 (1972); *People v. Bercillio,* 179 Colo. 383, 500 P.2d 975 (1972); *Arellano v. People,* 177 Colo. 286, 493 P.2d 1362 (1972); *Mingo v. People,* 171 Colo. 474, 468 P.2d 849 (1970); *Maes v. People,* 169 Colo. 200, 454 P.2d 792 (1969); and *Morehead v. People,* 167 Colo. 287, 447 P.2d 215 (1968).

We do not consider the question of defendant's intoxication to be a close one under the evidence here. Much of the strongest and most persuasive evidence of intoxication was undisputed. We hold that no substantial rights of the defendant were affected by the giving of instruction No. 6, and that plain error does not therefore exist.

428

Judgment affirmed.
MR. JUSTICE DAY does not participate.