## No. 25811

## The People of the State of Colorado v. Donald Ray Davis
(528 P.2d 251)

Decided November 18, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Davis was found guilty of violating C.R.S. 1963, 40-2-11. This statute makes it a felony for any person, while under the influence of intoxicating liquor, to inflict bodily injury upon another by operating a motor vehicle in a reckless, careless or negligent manner. The main ground for reversal presented by the defendant is that the jury was improperly instructed that a blood alcohol level of more than 0.10 percent creates a presumption that the defendant is under the influence of alcohol. This is a statutory presumption applicable only to certain misdemeanors and is not applicable to the felony charge involved here. Reversal is therefore required and this cause is remanded to the trial court for a new trial.

Charles McFarland's automobile stalled at a traffic light because of electrical system failure. A police vehicle pulled up behind McFarland's automobile to investigate. A tow truck was ordered and while awaiting the removal of the stalled vehicle, McFarland entered the police vehicle, which had its emergency lights flashing. The police vehicle was hit from behind by a

pickup being driven by the defendant. McFarland and the police officer were injured. A blood sample drawn from the defendant shortly after the accident indicated a blood alcohol level considerably higher than 0.10 percent.

I.

█ Over the defendant's objection, the trial court instructed the jury that if it finds that the "defendant's blood contained 0.10 percent or more by weight of alcohol, the law presumes he was under the influence of intoxicating liquor." The only authority for such an instruction is found in 1969 Perm. Supp., C.R.S. 1963, 13-5-30(2)(d). This statute, however, is very specific in limiting the use of such a presumption to the misdemeanors of (a) driving any vehicle while under the influence of intoxicating liquor and (b) driving while ability is impaired by the consumption of alcohol. There is no authorization in the law for giving such an instruction to a jury in connection with the felony charge made against the defendant here.

In *People v. Tilley*, 184 Colo. 424, 520 P.2d 1046 (1974), this court held that giving an instruction on this statutory presumption was clearly erroneous in a case where the defendant was charged with causing a death while driving an automobile under the influence of alcohol, which is a felony. *See also State v. Risk*, Utah , 520 P.2d 215 (1974).

However, the judgment against the defendant in *Tilley, supra*, was affirmed because the defendant had failed to object to the giving of the instruction, and plain error (Crim. P. 52(b)) did not exist because the evidence of the defendant's intoxication before the jury was overwhelming. It is to be noted that in *Tilley, supra*, this court specifically stated that, if this presumption instruction had been given over the objection of the defendant, it would have been a basis for reversible error.

The prosecution's evidence was considerable on the question of the defendant's intoxication. However, the defendant presented evidence which, if believed by the jury, would have been a basis for acquittal. It thus can be readily seen that the presumption instruction given in this case could have been the influencing factor upon which the jury found the defendant guilty. We therefore disagree with the People's argument that even though such

an instruction to the jury was improper, it was only harmless error in this case because of the strong evidence showing defendant's intoxication. The giving of this instruction over the defendant's objection is clearly reversible error.

## II.

■ Because the other issue of some significance raised on this appeal is likely to again be an issue at a new trial of this cause, we discuss is briefly. The defendant asserts that the trial court abused its discretion in not permitting a defense witness, an auto mechanic, to testify as an expert as to causation of part failure.

The trial court refused to allow this defense witness to testify as to the cause of a broken steering gear flange, extracted from defendant's automobile some six months after the accident. The witness was qualified as an expert automobile mechanic. Our examination of the record reveals clearly that the trial court did not abuse its discretion in determining that the witness was not qualified to testify as to the cause of the part's failure. The witness himself admitted that he had no expertise in the field of causation of part failure. The discretion of the trial judge over the scope of expert testimony will not be disturbed on review absent a clear showing of abuse. *People v. Hankin,* 179 Colo. 70, 498 P.2d 1116 (1972).

The judgment is reversed and the cause is remanded for a new trial.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.