Jewell O. ROWLAND,
Plaintiff-Appellant,

v.

Florence L. DITLOW,
Defendant-Appellee.

No. 81CA0379.

Colorado Court of Appeals,
Div. I.

April 29, 1982.

As Modified on Denial of Rehearing
May 27, 1982.

Certiorari Denied Oct. 18, 1982.

Addy, Otto, Stauffer & Davidson, John G. Otto, Colorado Springs, Peter A. Goldstein, P.C., Peter A. Goldstein, Colorado Springs, for plaintiff-appellant.

Rector, Retherford, Mullen & Johnson, J. Stephen Mullen, Jerry A. Retherford, Neil C. Bruce, Colorado Springs, for defendant-appellee.

COYTE, Judge.

Plaintiff appeals from a jury verdict in favor of defendant in a personal injury action. We affirm.

This action arose out of an automobile accident at an intersection in El Paso County. Plaintiff filed suit contending that defendant's excessive speed and failure to look caused the accident. Defendant answered and claimed she had the right-of-way, and that plaintiff had violated such right-of-way. At trial, plaintiff contended that she received injuries which affected her capacity to testify. The jury found that plaintiff was 90% negligent and defendant was 10% negligent. The trial court accordingly entered judgment in favor of defendant.

Plaintiff attempted to introduce portions of her deposition taken prior to trial by defendant in lieu of her testifying at trial. The trial court refused to allow the selected portions of the depositions to be introduced in evidence.

Plaintiff first contends that the trial court erred in refusing to admit the proffered portions of her deposition. We disagree.

C.R.C.P. 32(a)(3)(C) provides that:

"[T]he deposition of a witness whether or not a party may be used by any party for any purpose as though the witness was then present and testifying if the court finds . . . that the witness is unable to attend or testify because of age, illness, infirmity or imprisonment. . . ."

The burden of proof as to the unavailability of the witness is on the party offering the deposition in lieu of the testimony. *Evans v. Century Casualty Co.,* 159 Colo. 596, 413 P.2d 457 (1966).

Here, although plaintiff introduced testimony as to her inability to testify lucidly, she made no showing that her testimony in the deposition was any more lucid and credible than her trial testimony would be. As it is for the trial court to determine if the party offering the deposition has met its burden of showing unavailability of the witness, the record here demonstrates no abuse of discretion in the trial court's refusal to admit the deposition in lieu of the witness' testimony.

Plaintiff next contends that the trial court erred in not admitting a statement taken from defendant by plaintiff's insurance carrier three days following the accident. We disagree.

Section 13–21–301, C.R.S.1973 (1981 Cum. Supp.) provides:

"(1) If a person is injured as a result of an occurrence which might give rise to liability and such person is a patient under the care of a practitioner of the healing arts, or is hospitalized, no person or agent of any person whose interest is adverse to the injured person, within fifteen (15) days from the date of the occurrence causing the injury, shall:

. . . .

(c) obtain or attempt to obtain any statement, either written, oral, recorded or otherwise, from the injured patient for use in negotiating a settlement or obtaining a release, except as provided by the Colorado Rules of Civil Procedure.

(2) . . . Any statement written, oral, recorded or otherwise, which is given by the injured party in violation of this section may not be used in evidence against the interest of the injured party in any civil action relating to the injury."

Here, it is undisputed that the statement was taken by an adverse party to defendant, while defendant was under a doctor's care and within 15 days following the accident. The statement was part of a file plaintiff's insurance company was using to negotiate a settlement with the defendant.

As the statutory language does not distinguish between the injured party's later status as a plaintiff or defendant, we will not read the statute as permitting the use of such a statement when the injured party later becomes a defendant in a civil action. Since this statement was clearly taken in violation of § 13–21–301(1)(c), C.R.S.1973 (1981 Cum.Supp.), its use is prohibited at trial for impeachment purposes or as substantive evidence. *Smith v. Safeway Stores, Inc.*, Colo.App., 636 P.2d 1310 (1981). Thus, the trial court did not err in refusing to permit the introduction of this statement.

Plaintiff last contends that the trial court improperly commented on the credibility of plaintiff's expert witness. We disagree.

The trial court, in response to repeated objections by defendant as to the admissibility of this expert testimony, stated that it would allow the testimony of the expert witness but would instruct the jury at the close of the evidence as to the weight to be given the testimony of all expert witnesses.

Viewing these remarks and others in context, we conclude that the trial court was not commenting on the credibility of this particular witness but was making these statements during repeated discussions with the attorneys regarding the admissibility of the testimony.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.