**Roberta STOCZYNSKI,**
**Plaintiff–Appellee,**

v.

**William S. LIVERMORE, D.C.,**
**Defendant–Appellant.**

No. 87CA0593.

Colorado Court of Appeals,
Div. II.

June 29, 1989.

Rehearing Denied July 27, 1989.

Certiorari Denied Nov. 20, 1989.

Susan Graham Barnes, P.C., Susan Graham Barnes, Denver, for plaintiff-appellee.

Hall & Evans, Alan Epstein, Denver, for defendant-appellant.

Opinion by Judge FISCHBACH.

In this medical malpractice action, the defendant, William S. Livermore, appeals the judgment entered on a jury verdict awarding $205,000 to the plaintiff, Roberta Stoczynski. We affirm.

### I.

Livermore first contends that the trial court erred as a matter of law in refusing to permit him to introduce the deposition of one of his expert witnesses in lieu of live testimony pursuant to C.R.C.P. 32(a)(3)(B) and (D). He argues that, while the trial court has some discretion in admitting deposition testimony, such discretion is limited to a determination of whether the conditions of C.R.C.P. 32 are met and whether the evidence is cumulative or would be otherwise inadmissible under the rules of evidence if the deponent were testifying live.

Because the conditions of C.R.C.P. 32(a)(3)(B) and (D) were met here in that the deponent, who had moved out of state, was more than 100 miles away at the time of trial and was beyond Colorado's subpoena power, and because the deposition was otherwise admissible, Livermore asserts that the trial court was required to admit it. In support of this contention, he cites *Ex parte Coots v. Isbell*, 527 So.2d 1292 (Ala.1988) and *In re Adoption of IJW*, 565 P.2d 842 (Alaska 1977). We disagree that the trial court's discretion is so limited and find no abuse under the circumstances of this case.

■ C.R.C.P. 32(a)(3) allows the introduction of a deposition in lieu of live testimony if the court finds "(B) that the witness is at a greater distance than one hundred miles from the place of trial ... unless it appears that the absence of the witness was procured by the party offering the deposition ... or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena," and no valid objection has been made that it would be inadmissible under the rules of evidence if the deponent were testifying live. *See* C.R.C.P. 32(b).

We agree with Stoczynski, however, that this rule is subject to the underlying purpose of the judicial system to promote fairness and, thus, ensure that "the battlefield remains level." In fulfilling this obligation, the trial court has broad discretion to conduct the trial so as to protect the rights of both parties, *see Mayer v. Sampson*, 157 Colo. 278, 402 P.2d 185 (1965), including the responsibility to eliminate secrets and surprises. *See Crist v. Goody*, 31 Colo.App. 496, 507 P.2d 478 (1972). Accordingly, the trial court's rulings concerning the admission of depositions pursuant to C.R.C.P. 32 will not be disturbed absent an abuse of such discretion. *See Campbell v. Graham*, 144 Colo. 532, 357 P.2d 366 (1960); *Rowland v. Ditlow*, 653 P.2d 61 (Colo.App.1982).

■ After considering the totality of the circumstances, especially Stoczynski's surprise at being confronted with a deposition rather than live testimony, the trial court here excluded the evidence to promote fairness. The limited record before us reveals that Livermore listed the expert in his trial data certificate as an anticipated live witness and submitted no supplemental certificate to indicate that the deposition would be substituted. In argument to the court concerning admission of the deposition, Livermore's attorney stated that only a few days before trial he had sent a letter to Stoczynski's attorney listing the expert as a potential witness for a particular morning of trial, and that even later he had orally represented that the expert would testify live. He admitted that the decision not to call the expert was of a purely tactical nature and was not made until well into the trial.

In addition, Livermore did not assert that the witness was actually unavailable and that exclusion of the deposition would therefore undermine his case. Rather, he offered to withdraw his request to introduce the document if the court perceived any innuendo of "trickery or chicanery."

These circumstances show no abuse of discretion in the trial court's ruling. We presume that any additional facts presented to the trial court but not included in the partial record on appeal support the deci-

sion. *Elk River Associates v. Huskin,* 691 P.2d 1148 (Colo.App.1984).

## II.

Next, Livermore asserts that the trial court erred in admitting as evidence thermograms taken of Stoczynski and expert opinion testimony based thereon concerning the cause of Stoczynski's injuries. Again, we disagree.

■ The admission of expert testimony is governed by CRE 702. The rule provides for the introduction of scientific knowledge that will assist the trier of fact in understanding the evidence or determining a fact in issue as long as it is sufficiently established to have gained general acceptance in the particular field to which it belongs. *People v. Anderson,* 637 P.2d 354 (Colo.1981). As with other discretionary rulings, the trial court's decisions on the scope of scientific expert testimony will not be disturbed on review absent a clear showing of abuse. *People v. Davis,* 187 Colo. 16, 528 P.2d 251 (1974).

Here, the expert in question, whose experience in the field is not contested, testified concerning the mechanics of thermography; its historic development in the medical community, including its use in some 50 medical schools throughout the country; an endorsement by a committee of the American Medical Association scheduled for publication; his own extensive experience with it as a reliable diagnostic tool; and the fact that he had been accepted previously as an expert witness in thermography in the Colorado courts between 25 and 30 times. Livermore, on the other hand, offered no evidence concerning the reliability or general acceptance of thermography.

On this record, we cannot conclude that the trial court abused its discretion in admitting the evidence relating to thermography. *See Fay v. Mincey,* 454 So.2d 587 (Fla.App. 2d Dist.1984); *Procida v. McLaughlin,* 195 N.J.Super. 396, 479 A.2d 447 (N.J.Super.1984); *cf. Crawford v. Shivashankar,* 474 So.2d 873 (Fla.App.1985) (no abuse of discretion in excluding thermographic evidence where little proof was presented of either witness' expertise in

the subject or the technique's general acceptance in the relevant scientific community); *but see Burkett v. Northern,* 43 Wash. App. 143, 715 P.2d 1159 (1986).

## III.

Finally, Livermore contends that the trial court erred in permitting an osteopathic physician to express his opinion as to the chiropractic standard of care in spinal manipulation. Again, we disagree.

■ In a medical malpractice action, a medical expert not practicing in the same specialty as the defendant may testify as to the standard of care within the defendant's specialty in certain circumstances, including the following: (1) the expert—having acquired expertise in the defendant's specialty through training, education, or experience—has "more than a 'casual familiarity'" with the standards; or (2) the proponent establishes that the "standards or procedures adhered to in defendant's different specialty are the same as [those] with which the witness is familiar." *Connelly v. Kortz,* 689 P.2d 728 (Colo.App.1984).

Here, the expert testimony was admissible on either of these grounds. The osteopath testified as to his more than casual familiarity with the joint manipulation techniques of chiropractors from his experience seeing patients referred by chiropractors with whom he worked on treatment, from giving courses concerning manipulation to chiropractors with whom he discussed manipulation techniques, and from his study of textbooks on manipulation shared among professionals. In addition, Livermore himself endorsed an expert who testified in deposition that the standard of care for joint manipulation was the same for osteopaths and chiropractors. Hence, admitting the testimony was not an abuse of discretion.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.