**Shannon SMITH, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 92SC282.**

Supreme Court of Colorado,
En Banc.

May 10, 1993.

David F. Vela, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for respondent.

Chief Justice ROVIRA delivered the Opinion of the Court.

After the defendant, Shannon Smith, entered a plea of guilty to one count of second degree assault, the trial court imposed an eight-year sentence pursuant to section 18–3–203(2)(c), 8B C.R.S. (1986), which required that an enhanced sentence for violent crime be imposed. Defendant contends that a mandated imposition of an enhanced sentence violated his right to equal protection of the laws under the United States and Colorado Constitutions.

The court of appeals concluded it lacked jurisdiction to address defendant's constitutional challenge and we granted certiorari to determine whether sections 18–3–203(2)(c) & (2)(b), which provide for disparate sentencing between subsections (1)(a) and (1)(g) of the second degree assault statute, violated defendant's right to equal protection of the laws.[1] We conclude that

---

1. Section 18–3–203(2)(c) has subsequently been amended and now provides that "[i]f a defen-

dant is convicted of assault in the second degree pursuant to paragraph (a), (b), (c), (d), or (g) of

it does and accordingly, reverse and remand to the trial court for resentencing.

## I

Defendant was convicted of second degree assault under section 18–3–203, 8B C.R.S. (1986) ("second degree assault statute"). That statute provides, in pertinent part, that:

> (1) A person commits the crime of assault in the second degree if:
>
> (a) With intent to cause serious bodily injury to another person, he does cause such injury to any person; or
>
> ....
>
> (g) With intent to cause bodily injury to another person, he causes serious bodily injury to that person or another.

Defendant was convicted under subsection (1)(g). Second degree assault is a class 4 felony, *see* § 18–3–203(2)(b), 8B C.R.S. (1986), and carries a presumptive sentencing range of two to eight years. § 18–1–105(1)(a)(IV), 8B C.R.S. (1986). For persons convicted under subsection (1)(g), however, the statute requires that they be sentenced pursuant to section 16–11–309, 8A C.R.S. (1986).[2] That statute mandates sentencing enhancement for the commission of violent crimes. Thus, the trial court was required to sentence defendant to no less than five years but no more than sixteen years incarceration.[3]

Defendant's equal protection challenge is based on the fact that while application of the sentence enhancement provisions of section 16–11–309 is required for conviction under subsection 1(g), no sentencing enhancement is mandated for conviction under subsection (1)(a). Defendant argues that "[t]here is no rational distinction between § 18–3–203(1)(g) and § 18–3–203(1)(a) to justify a more severe sanction under paragraph (1)(g)," particularly since (1)(a) requires a greater showing of culpability (*i.e.*, intent to cause *serious* bodily injury) than does (1)(g) (*i.e.*, intent to cause bodily injury).

## II

We acknowledge at the outset that it is the prerogative of the General Assembly to establish the penalties which are to apply to particular criminal offenses. *People v. Bramlett*, 194 Colo. 205, 210, 573 P.2d 94, 97 (1977), *cert. denied*, 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978). For example, "the legislature is entitled to establish more severe penalties for acts which it believes have greater social impact and more grave consequences." *People v. Montoya*, 196 Colo. 111, 113, 582 P.2d 673, 675 (1978) (citing *People v. Czajkowski*, 193 Colo. 352, 568 P.2d 23 (1977)). Legislative enactments, however, are always subject to constitutional constraints. We conclude that the sentencing scheme established by the second degree assault statute fails to conform to those constraints.

### A

In *People v. Montoya*, 196 Colo. 111, 582 P.2d 673 (1978), we addressed the constitutionality of a sentencing scheme where a person who intentionally caused the death of another in the "heat of passion" was subject to imprisonment for one to ten years, but a person who intentionally caused serious bodily injury under "heat of passion" was subject to imprisonment for five to forty years. *Id.* We concluded that

---

subsection (1) of this section, the court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S." § 18–3–203(2)(c), 8B C.R.S. (1991 Supp.). As amended, the equal protection violation alleged here is no longer possible since conviction under both subsections (a) and (g) expressly require sentencing under § 16–11–309.

**2.** Paragraph (2)(c) of the second degree assault statute provided:

> If a defendant is convicted of assault in the second degree pursuant to paragraph (b), (d), or (g) of subsection (1) of this section, the

court shall sentence the defendant in accordance with the provisions of section 16–11–309, C.R.S.

§ 18–3–203, 8B C.R.S. (1986).

**3.** Section 16–11–309, 8A C.R.S. (1986), provides that a person convicted of a crime of violence must be sentenced pursuant to § 18–1–105(9), 8B C.R.S. (1986), which mandates a term of incarceration of at least the midpoint of the presumptive range but not more than twice the maximum term of that range.

such a sentencing scheme did not conform to the requirements of equal protection. In so holding, we noted that "[h]arsher penalties for crimes committed under different circumstances than those which accompany the commission of other crimes do not violate equal protection guarantees if the classification is rationally based upon the variety of evil proscribed." *Montoya,* 196 Colo. at 113, 582 P.2d at 675.

In the present case, the only distinction between conduct proscribed under (1)(a) and (1)(g) is that (a) requires the intent to cause serious bodily injury whereas (g) only requires the intent to cause bodily injury. In short, a (1)(g) offense is a less culpable form of second degree assault than a (1)(a) offense. Contrary to common sense, however, the statute mandates the imposition of a more severe sentence for a (1)(g) offense than for a (1)(a) offense. Such a scheme cannot be said to impose penalties which are rationally related to the "variety of evil proscribed," because the less culpable offense is subject to a greater term of incarceration than is the more culpable offense.

Though this case differs from *Montoya* in that both a (1)(a) and a (1)(g) offense have the same result, *i.e.,* causing serious bodily injury, the reasoning of *Montoya* is applicable here. We struck down the sentencing scheme at issue in *Montoya* on the basis that "the offender who acts with the less culpable intent and who causes the less grievous result receives the greater penalty. Such an unreasonably structured legislative scheme is constitutionally infirm." *Montoya,* 196 Colo. at 114, 582 P.2d at 675. We conclude that when an offender who acts with a less culpable intent may receive a greater penalty than the offender who acts with a greater culpable intent, such a statutory scheme is "unreasonably structured" and "constitutionally infirm," even

though the two offenses result in the same harm. Consequently, the sentencing scheme established by section 18–3–203(2)(c), 8B C.R.S. (1986), does not meet the requirements of equal protection.[4]

### B

The People make several arguments for the constitutionality of the second degree assault statute. Among them is the claim that the distinction between subsection (1)(a) and (1)(g), in terms of mandatory enhancement of sentencing, is merely a "hypertechnical" pleading distinction which cannot rise to the level of an equal protection violation. Because a charge under (1)(a) constitutes a crime of violence under section 16–11–309, the argument goes, the identical enhanced sentence could be imposed for a conviction under (1)(a) as is mandated under (1)(g)—so long as a crime of violence offense is charged and a verdict returned. This, the People maintain, renders the second degree assault statute constitutional. We are not persuaded.

While the People are correct in arguing that an identical, and enhanced, sentence could be imposed under either (1)(a) or (1)(g), this equality of sentencing is not mandated. To the contrary, such symmetry in sentencing turns exclusively on the prosecution's exercise of discretion in bringing a charge against a defendant. If the prosecution chooses to charge both a second degree assault under (1)(a) and a crime of violence under section 16–11–309, then the defendant could be subject to the same mandatory range of incarceration. This does not change the fact, however, that the possibility of equal sentencing under (1)(a) and (1)(g) lies wholly in the discretion of the prosecution based on the

---

**4.** Furthermore, the sentencing scheme fails to comport with the very purposes for which the General Assembly has enacted the criminal code and imposed sentences for the violation thereof. One such purpose is to "differentiate on reasonable grounds between serious and minor offenses, and prescribe penalties which are pro-

portionate to the seriousness of offenses...." § 18–1–102(1)(c), 8B C.R.S. (1986). Given that the more culpable form of second degree assault can be punished more leniently than the less culpable form, it cannot be said that the second degree assault statute "prescribe[s] pen-

charges brought.[5]

As such, were we to accept the People's argument we would, in effect, be limiting the prosecutor's discretion as to whether to bring a (1)(a) charge without pleading a crime of violence. We would be ruling, in short, that the prosecutor must bring a crime of violence charge whenever a (1)(a) assault charge is brought in order to render the second degree assault statute constitutionally valid. In recognition of the well-settled principle of prosecutorial discretion however, we decline to do this. *See People v. District Court*, 767 P.2d 239 (Colo.1989) (charges to be filed lie within the discretion of the prosecution).

The People next assert that the second degree assault statute is constitutional because "the statute's classification of [ (1)(a) and (1)(g) ] together as second-degree assault is rational in fact and reasonably related to the general purposes of criminal legislation." The fact that a (1)(a) offense and a (1)(g) offense are classified as second degree assault is inapposite to the issue before us. Nowhere does defendant argue that a (1)(g) offense should constitute anything other than second degree assault. Rather, he simply argues that the imposition of a more serious penalty for the less culpable form of second degree assault amounts to a violation of equal protection. Therefore, the fact that both offenses may legitimately be categorized as second degree assault says nothing about the disparity in sentences that may be imposed under that statute. Consequently, the People's

argument lends no support to the position that the statute is constitutional.

Finally, the People argue that the subsequent modification of the statute to include subsection (1)(a) in section 18–3–203(2)(c)'s sentencing requirements [6] must be read not as an amendment to that statute but simply as a clarification of the statute as it existed at the time of defendant's sentencing. We disagree.

Section 18–3–203(2)(c) is clear and unambiguous on its face. It simply mandates that for persons convicted under subsections (1)(b), (c), (d), or (g), the trial court must impose a sentence pursuant to section 16–11–309. There is no basis to argue, as the People do, that this section manifests a legislative intent to include subsection (a) but that, due to some unknown circumstances, subsection (a) was omitted from the second degree assault statute. Though the General Assembly has amended the section to include subsection (1)(a), the amendment has no effect on the controversy at hand.

For the foregoing reasons, we remand the case to the court of appeals with directions to remand to the trial court for resentencing in conformity with the opinions expressed herein.

---

alties which are proportionate to the seriousness of the offense."

**5.** The People cite our decision in *People v. Terry*, 791 P.2d 374 (Colo.1990), in support of this argument. In *Terry*, we addressed the question "whether section 18–3–203 required that the trial court impose a sentence as provided in section 16–11–309 even though the section 16–11–309 count was dismissed prior to sentencing" and concluded "that the court was required to impose sentence under section 16–11–309." *Id.* at 375. The defendant in *Terry* was convicted of second degree assault with a deadly weapon pursuant to § 18–3–203(1)(b), 8B C.R.S. (1986). The second degree assault statute mandates that for a person convicted under (1)(b), the court must sentence the defendant pursuant to § 16–11–309. Thus, we concluded that because an

enhanced sentence for violent crime was mandated by the second degree assault statute, the prosecutor was not required to either charge or prove the elements of crime of violence. *Id.* at 376–79. In so holding we noted that the purpose of § 18–3–203(1)(b) "was to mandate sentencing under section 16–11–309 irrespective of any allegation of a violent crime and irrespective of a specific finding by the trial court that a violent crime had been committed." *Id.* at 378. Unlike a conviction under (1)(b), however, a (1)(a) offense does not mandate application of 16–11–309. Indeed, it is precisely this fact which gives rise to defendant's equal protection challenge. Consequently, neither the issue presented, the rationale relied on, nor our holding in *Terry* lends support to the People's argument.

**6.** *See supra* note 1.