**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Roland SNOOK, Defendant-Appellant.**

**No. 84CA1168.**

Colorado Court of Appeals, Div. II.

Aug. 21, 1986.

Rehearing Denied Sept. 18, 1986.

Certiorari Granted (People) Dec. 22, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Roland Snook, appeals the judgment of conviction entered on a jury verdict finding him guilty of one count of sexual assault on a child. He alleges error in the admission of expert testimony concerning the truthfulness of children who claim to be sexual abuse victims. We reverse.

The 11–year-old complaining witness here testified that defendant touched her breasts and pubic area several times while she was supposedly asleep in a bed with the defendant's daughter with whom she was visiting at the defendant's home. Following this testimony, the prosecution, as part of its case-in-chief, offered the testimony of a social worker employed by the Colorado Springs Police Department. Although the defendant did not question the social worker's qualifications as an expert in the area of child abuse syndrome symptomology, defendant objected to the admission of the testimony as improper under CRE 404 and 608(a).

The trial court, noting that defense counsel had not attacked the complaining witness' credibility on cross-examination and that the social worker had not met or examined her, ruled that the social worker could not express an opinion as to the credibility of the witness. The court, however, did permit the social worker "to testify as to her expertise with regard to the child abuse syndrome finding that that information may be helpful to the [jurors] in making their determination as to the veracity of the witness...."

The prosecution then called the social worker who was qualified, without objection, as an expert witness, and who testified during direct examination in part that:

"General attitudes, accepted attitudes as far as the literature concerning children is that children tend not to fabricate stories of sexual abuse and in giving reports tend to reproduce their experiences and your statement about children having had the erotic experience when young, in order to make these things up, there has to be a basis for that experience and unless it happened to them in this area, then in fact the description would be what has been done to them."

Defendant argues the admission of this testimony was prejudicially erroneous, and we agree.

CRE 608(a) permits opinion evidence regarding a witness' general character for truthfulness only after the character of the witness for truth and veracity has been attacked. No such attack on the complainant's veracity justified the admission of the above testimony.

■ It is true that subsequently, during his case-in-chief, defendant took the witness stand and denied the accusations while offering a different exculpatory version of the events that had transpired on the evening in question. As noted by the trial court, however, the complainant's character for truthfulness was not attacked by the defense prior to the admission of the testimony at issue. Even defendant's theory of defense was not so much an attack on the credibility of the witness as an alternate explanation of the events, which if believed by the jury would have refuted the complaining witness' perception of what occurred. Under these circumstances, we hold that the expert's testimony, the sole purpose of which was to support the complaining witness' testimony, was improper. *See Tevlin v. People,* 715 P.2d 338 (Colo.1986); *People v. Ortega,* 672 P.2d 215 (Colo.App.1983).

We likewise reject the People's argument that in any event the social worker's testimony was admissible under CRE 702. Here, the expert witness' opinion evidence would not assist the trier of fact in understanding the evidence, it not being of a technical or complex nature. Neither would it assist in determining a fact in issue because the expert opinion here did not relate to whether a sexual assault had occurred, but merely as to whether a witness was likely to be telling the truth. We cannot believe that CRE 702 was intended to allow expert testimony on the issue of whether a witness is telling the truth.

As to whether admission of this evidence was so grave as to require reversal, we note that error which neither affects the substantial rights of the defendant nor the substantial fairness of the trial or the verdict will be disregarded. Crim.P. 52(a); *Tevlin v. People, supra.*

■ Here, the social worker's testimony immediately followed the victim's evidence. There was no other corroborative evidence of the assault, and no other witness to the alleged crime. The defendant denied the accusation, and offered an alternative explanation of the incident. Under such circumstances, the testimony in question may well have been the deciding factor in the jury's decision as to which version of the incident was correct; hence, we cannot consider its admission in this case harmless. *See Tevlin v. People, supra.*

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and KELLY, JJ., concur.