**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Roland SNOOK, Respondent.**

**No. 86SC353.**

Supreme Court of Colorado,
En Banc.

Nov. 2, 1987.

Rehearing Denied Dec. 7, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for respondent.

ERICKSON, Justice.

The defendant, Roland Snook, was convicted by a jury of sexual assault on a

child, section 18–3–405, 8 C.R.S. (1978 & 1983 Supp.). The court of appeals reversed the conviction under CRE 608(a) because the victim's character for truthfulness had not been attacked prior to admission of expert opinion testimony about the capacity of children to fabricate claims of sexual assault. *People v. Snook*, 729 P.2d 1026 (Colo.App.1986). We granted the prosecution's petition for certiorari and now affirm the court of appeals, and return the case to the court of appeals with directions to remand to the district court for a new trial.

### I.

Sometime in June 1983, the victim, who was then ten-years-old, stayed at the defendant's home with his daughter. The victim, T.B., testified that during the night Snook made four visits to the bedroom occupied by her and his daughter, and that Snook touched her breasts and genitalia. Following her testimony, the prosecution, as part of its case-in-chief, offered expert testimony of a social worker, who had never interviewed T.B., that children do not fabricate erotic experiences. The district court admitted the testimony over the defendant's objection on the condition that the social worker would not offer testimony as to her personal evaluation of T.B.'s veracity.

On direct examination, the social worker, who was qualified without objection as an expert witness, obeyed the court's order and confined her testimony to the psychological capacity of children in general.[1] She testified in relevant part that:

> General attitudes, accepted attitudes as far as the literature concerning children is that children tend not to fabricate stories of sexual abuse and in giving reports tend to reproduce their experiences and your statement about children having had the erotic experience when young, in order to make these things up, there has to be a basis for that experience and

unless it happened to them in this area, then in fact the description would be what had been done to them.

In his case-in-chief, Snook denied sexually assaulting the victim. He testified that he merely entered the bedroom where his daughter and T.B. were sleeping and moved T.B. over to her side of the bed to separate the girls. His wife corroborated his story.

The court of appeals reversed Snook's conviction and remanded to the district court for a new trial. *People v. Snook*, 729 P.2d 1026 (Colo.App.1986). The court of appeals, relying on CRE 608(a), stated that "[n]o . . . attack on the complainant's veracity justified the admission of the [expert's] testimony." *Id.* at 1027. It, therefore, concluded that the admission of "the expert's testimony, the sole purpose of which was to support the complaining witness' testimony, was improper." *Id.*

### II.

■ Absent an abuse of discretion, the ruling of the trial judge regarding the scope of expert testimony will not be disturbed. *People v. Davis*, 187 Colo. 16, 19, 528 P.2d 251, 253 (1974). The prosecution claims that CRE 608(a) "only applies to opinion evidence that vouches for the *character* of a *particular* witness" and not to "opinion evidence that merely corroborates a particular person's version of the offense." Because the expert testimony does not explicitly support the particular victim's credibility the prosecution argues that admission of the testimony was not an abuse of the district court's discretion. We disagree.

■ CRE 608(a) permits the credibility of a witness to be supported by opinion evidence of his character for truthfulness only after his truthful character has been attacked.[2] Although the expert had no per-

---

**1.** The social worker was qualified as an expert regarding the child abuse syndrome.

**2.** CRE 608(a) provides:
   The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limita-

tions: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

sonal knowledge of the victim's credibility and couched her testimony in general terms, the opinion testimony necessarily refers to T.B.'s character for truthfulness. The testimony is an expert opinion that T.B. is almost certainly telling the truth. McCord, *Expert Psychological Testimony about Child Complainants in Sexual Abuse Prosecutions: A Foray into the Admissibility of Novel Psychological Evidence*, 77 J.Crim.L. & Criminology 1, 41, 53 (1986). In fact, the jury's only conceivable use of such testimony would be as support for the complainant's truthful character. *See People v. Ashley*, 687 P.2d 473, 475 (Colo.App.1984) (court of appeals noted that testimony about the general truthfulness of children's claims of sexual assault was appropriate under CRE 608(a) because the victim's character for truthfulness had been attacked).

Here, the victim's character was not subject to attack at the time the expert opinion was offered and the admission of the expert opinion violated CRE 608(a).[3] In *Tevlin v. People*, 715 P.2d 338, 341 (Colo.1986), we said:

[T]he trial court erred in allowing the testimony of the expert witness stating the victim was telling the truth when he related his version of the incidents of abuse. The expert's opinion failed to refer to the witness' general character for truthfulness and instead went to the witness' truthfulness on a specific occasion. Moreover, there is insufficient evidence that the victim's character for truthfulness had been directly attacked by the defense to allow evidence in direct examination that the victim was telling the truth. Since requirements for introducing such evidence were not met in this case, the expert's opinion was not properly admissible under CRE 608. *People v. Koon*, 713 P.2d 410 (Colo.App. 1985).

*See also People v. Smith*, No. 85CA1420, slip op. (Colo.App. Sept. 17, 1987); *People v. Koon*, 713 P.2d 410, 411 (Colo.App.1985); *People v. Ortega*, 672 P.2d 215, 218 (Colo. App.1983).[4]

■ We will not reverse a conviction because of an erroneous evidentiary ruling if the error is harmless. *Tevlin*, 715 P.2d at 341; *Honey v. People*, 713 P.2d 1300, 1304 (Colo.1986).[5] Harmless error is any error which does not substantially influence the verdict or affect the fairness of the proceedings. *See Tevlin*, 715 P.2d at 342; *People v. Carlson*, 712 P.2d 1018, 1023 (Colo.1986).

■ The credibility of T.B. was the focal issue in the case. Because the expert's testimony directly supported T.B.'s credibility, it may have been the deciding factor in the jury's decision that T.B.'s version was correct. In our view, the error was not harmless.[6]

We affirm the decision of the court of appeals and return the case to the court of

---

3. We express no opinion on whether expert testimony concerning behavioral patterns of sexually abused children falls within the ambit of CRE 608(a) simply because it may corroborate the victim's testimony. *See People v. Koon*, 724 P.2d 1367, 1369–70 (Colo.App.1986) (admitting expert testimony about behavioral patterns of child incest victims and expert's supporting testimony that the victim fit those patterns).

4. CRE 608(a) prevents needless consumption of time by limiting the use of character evidence until the witness' truthful character has been attacked. 3 D. Louisell & C. Mueller, Federal Evidence 202–03 (1979). Admitting expert testimony that children rarely fabricate claims of sexual abuse before the victim's truthful character is attacked is inconsistent with this goal. It would result in a "battle between experts" that would unnecessarily confuse the jury and waste the court's time.

5. Any error that does not affect substantial rights will be disregarded as harmless error. Crim.P. 52(a); CRE 103(a). In *Wilson v. People*, 743 P.2d 415 (Colo.1987), we interpreted Crim. P. 52(b) and declared that the test for plain error is "whether an appellate court, after reviewing the entire record, can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Id.* at 420.

6. The record supports this conclusion. A juror apparently sent the judge a note which stated as follows: "It is obvious that someone is not telling the truth in this case. Could not a lie-detector test have been given to determine which of the parties are not telling the truth?"

appeals for remand to the district court for a new trial.